# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **BRANDON JOHNSON # 485161,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | No. 3:26-cv-00138 |
| v. ) | |
| ) | |
| **TENNESSEE DEPARTMENT OF** ) | |
| **CORRECTION,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

Brandon Johnson, an inmate of the South Central Correctional Facility in Clifton, Tennessee, filed a pro se Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also filed an Application for Leave to Proceed In Forma Pauperis (Doc. No. 4), a Motion for Preliminary Injunction (Doc. No. 8), and a Motion for Temporary Restraining Order (Doc. No. 9).

### I. FILING FEE

The Court must first resolve the filing fee. Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application (Doc. No. 4) and supporting documentation (Doc. No. 5), it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 4) is **GRANTED**.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the South Central Correctional Facility to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

2

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff has filed a Motion for Temporary Restraining Order ("TRO") (Doc. No. 9). In his Motion for TRO, Plaintiff asks the Court to order Defendants to:

> 1. Cease all forms of retaliation against Plaintiff.
> 2. Restore and guarantee access to legal calls within reasonable timeframes.
> 3. Cease interference with Plaintiff's legal mail, including opening, delaying, or withholding legal correspondence[.]
> 4. Provide meaningful access to the courts, including timely processing of legal mail and filings.
> 5. Provide regular, documented access to the law library or equivalent legal resources.
> 6. Cease placing Plaintiff in unsafe or retaliatory conditions or subjecting him to unnecessary force.
> 7. Cease discriminatory denial of programs or service available to similarly situated individuals.
> 8. Cease issuing or enforcing retaliatory disciplinary actions.
> 9. Refrain from any conduct that obstructs Plaintiff's ability to litigate this case.

(Doc. No. 9 at 3).

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ.

P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Plaintiff's TRO motion cannot be considered as is. First, the motion is not signed. Neither is the Memorandum in Support of the TRO motion. (See Docs. No. 9 at 3, 9-1 at 4). "Every pleading . . . must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). "The United States Supreme Court interpreted Rule 11(a)'s signature requirement to 'call for a name handwritten . . . .'" Purvey v. Knoxville Police Dep't, No. 3:20-CV-317, 2021 WL 1840443, at *1 (E.D. Tenn. May 7, 2021) (emphasis added) (quoting Becker v. Montgomery, 532 U.S. 757, 764 (2001)). Submissions containing only electronic signatures as opposed to handwritten signatures, such as the ones submitted by Plaintiff, do not satisfy Rule 11(a). See Simpkins v. John Maher Builders, Inc., No. 3:23-CV-0367, 2024 WL 36424, at *1 (M.D. Tenn. Jan. 3, 2024).

In addition, Plaintiff has not submitted an affidavit or a verified complaint.[1] Plaintiff also has not explained in writing what efforts he made to give notice of the TRO to Defendants or why notice should not be required. Even though Plaintiff is proceeding pro se, he must follow the notice requirement. Accordingly, the Court will deny Plaintiff's request for a TRO without prejudice.

### III. MOTION FOR PRELIMINARY INJUNCTION

Next, Plaintiff filed a Motion for Preliminary Injunction ("PI"). (Doc. No. 8). In his Motion for PI, Plaintiff asks the Court to order Defendants to:

1. cease the ongoing conduct that is causing harm,
2. refrain from any retaliatory action,
3. restore or maintain access to necessary legal resources,
4. ensure Plaintiff's safety and access to required services, and

---

[1] Plaintiff attempted to submit a verified Complaint (see Doc. No. 1 at 13), but he failed to properly sign the Complaint.

> 5. take any additional steps the Court deems necessary to prevent further irreparable harm.

(Doc. No. 8 at 3).

Persons seeking a preliminary injunction must meet four requirements. They must show a likelihood of success on the merits; irreparable harm in the absence of the injunction; the balance of equities favors them; and that public interest favors an injunction. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); Sisters for Life, Inc. v. Louisville-Jefferson Cnty., 56 F.4th 400, 403 (6th Cir. 2022). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." Overstreet v. Lexington-Fayette Urban Cnty. Gov't, 305 F.3d 566, 573 (6th Cir. 2002). "The party seeking the preliminary injunction bears the burden of justifying such relief, including showing irreparable harm and likelihood of success." McNeilly v. Land, 684 F.3d 611, 615 (6th Cir. 2012).

Plaintiffs seeking a preliminary injunction may not merely rely on unsupported allegations but rather must come forward with more than "scant evidence" to substantiate their allegations. See, e.g., Libertarian Party of Ohio v. Husted, 751 F.3d 403, 417 (6th Cir. 2014); McNeilly, 684 F.3d at 614 (upholding denial of preliminary injunction when plaintiff made only a "small showing" of evidence); Cameron v. Bouchard, 815 F. App'x 978, 986 (6th Cir. 2020) (vacating preliminary injunction when plaintiffs made no evidentiary showing on some elements of their claim, but instead relied on mere allegations); United States v. Certain Land Situated in City of Detroit, No. 95-1118, 1996 WL 26915, at *1 n.1 (6th Cir. 1996) (affirming denial of a preliminary injunction where the district court relied on a lack of evidence to support speculative allegations); Boulding v. Corr. Med. Servs., No. 1:06-cv-811, 2008 WL 2095390, at *1 (W.D. Mich. Feb. 11, 2008), report and recommendation adopted, 2008 WL 2095387 (W.D. Mich. May 15, 2008)

("Plaintiff did not marshal any evidence in support of his motion [for a preliminary injunction]. Plaintiff's unsupported allegations do not suffice."). The decision whether to grant a preliminary injunction is a matter within the discretion of the district court. Tenn. Scrap Recyclers Ass'n v. Bredesen, 556 F.3d 442, 447 (6th Cir. 2009).

The Court cannot consider Plaintiff's preliminary injunction motion on the merits because Plaintiff has not complied with the rules for filing such motions. Local Rule 7.01 requires that "[e]very motion requiring a determination of law must be accompanied by a memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or others exhibits in support thereof." While Plaintiff filed a memorandum in support of his preliminary injunction motion, the memorandum lacks a proper signature. (See Doc. No. 8-1 at 3). Plaintiff typed his name rather than affixing a handwritten signature, as he did with his TRO motion and supporting memorandum. This type of signature does not suffice. See Fed. R. Civ. P. 11(a); Purvey, 2021 WL 1840443, at 3; Simpkins v. John Maher Builders, Inc., 2024 WL 36424, at *1. Thus, Plaintiff's PI motion is not supported by a memorandum of law, as required by the Local Rules. Plaintiff's PI motion will be denied without prejudice.

## IV. SIGNATURE DEFICIENCY OF COMPLAINT

The next course of action would be for the Court to screen the prisoner Complaint pursuant to the PLRA. However, as noted above, the Complaint does not bear a proper signature. (See Doc. No. 1 at 13).[2] Thus, Complaint is not properly before the Court, and the Court cannot complete the PLRA screening at this time. Given Plaintiff's pro se status, the Court will give Plaintiff an opportunity to submit a properly-signed complaint.

---

[2] As a pro se litigant, Plaintiff may have believed his handwritten signature in the Certificate of Service appended to the Complaint was sufficient (see Doc. No. 1 at 14); however, Plaintiff must also affix a handwritten signature to his Complaint.

6

## V. CONCLUSION

For the reasons explained above, Plaintiff's Motion for Preliminary Injunction (Doc. No. 8) and Motion for Temporary Restraining Order (Doc. No. 9) are **DENIED WITHOUT PREJUDICE**.

To proceed with this action, Plaintiff **MUST** file a properly-signed complaint no later than 30 days after the date of entry of this Memorandum Opinion and Order.

If Plaintiff fails to submit a properly-signed complaint by that deadline, this case will be dismissed without prejudice, and the filing fee nevertheless will be collected from Plaintiff's inmate account.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE